**Zaffiri (Jeffrey) G. MOSCHI, Libellant-Appellee,**

v.

**STEAMSHIP EDGAR F. LUCKENBACH, her engines, boilers, tackle, apparel and furniture, Respondent-Appellant.**

No. 27598.

United States Court of Appeals, Fifth Circuit.

April 27, 1970.

James B. Kemp, Jr., Edward J. Brandao, New Orleans, La., for appellant.

John J. Cummings, III, Charles J. Ferrara, New Orleans, La., for appellee.

Before JOHN R. BROWN, Chief Judge, and AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

The District Court awarded Moschi damages for personal injuries found to have been suffered as a consequence of unseaworthiness of Luckenbach's vessel, based on failure to adequately man the vessel. The court reduced the damages by one-half pursuant to a finding that Moschi was 50 per cent contributorily negligent in failing to ask for assistance in performing his task.

■■ Moschi, an electrician, was assigned to lift and remove a motor in the engine room of the vessel. The District Court found this was a two-man job. The wipers, whose duties required they assist the electricians, were not aboard. After half an hour of unsuccessfully attempting to lift the motor alone, Moschi sought, and obtained, assistance from another member of the crew who was in the engine room but was not assigned to help the electricians. There is no merit to the contention that as a matter of law the court could not find Moschi contributorily negligent in failing to ask for assistance and at the same time find the vessel inadequately manned. Depending upon the particular facts, a seaman may fail to observe proper care for his own safety in failing to seek the help of others aboard ship, once he realizes or should realize that an assigned task is beyond his individual physical capacity. But that does not discharge the vessel from the responsibility of supplying adequate personnel available in the first instance for performance of the task. American President Lines, Ltd., v. Welch, 377 F.2d 501 (9th Cir. 1967).

■ The only other issues are factual—the evidence of unseaworthiness, the circumstances of the accident, proximate causation, relationship of accident to injury, and credibility of Moschi. We have reviewed the evidence, bearing in mind that appellant's burden is less stringent because most of the testimony was by deposition, e. g., Caradelis v. Refineria Panama, S.A., 384 F.2d 589 (5th Cir. 1967). We find no error.

The decision of the District Court is affirmed.